Filed 1/8/14  In re Gustavo T. CA2/ 7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re GUSTAVO T., a Person Coming Under the Juvenile Court Law. | B249069 (Los Angeles County Super. Ct. No. PJ49577) |
| THE PEOPLE, Plaintiff and Respondent, v. GUSTAVO T., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Morton Rochman, Judge.  Affirmed.

Bruce G. Finebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

In August 2012, police detained then 16-year-old Gustavo T. for misdemeanor battery and possession of a smoking device. The People filed a Welfare and Institutions Code section 602 petition against Gustavo.

Following the jurisdiction hearing, the juvenile court sustained the petition, declared Gustavo a ward of the court and the offenses misdemeanors, and ordered him into suitable placement. The court calculated the maximum term of confinement as eight months.

In April 2013, police detained Gustavo T. for robbery. The People filed a second petition pursuant to Welfare and Institutions Code section 602 against Gustavo for second degree robbery. At the jurisdiction hearing, Hector Garcia testified Gustavo and two confederates confronted him on the street, threw him to the ground, kicked him and took his cell phone. At the close of the evidence, the juvenile court sustained the petition, declared the offense a felony and ordered Gustavo to remain a ward of the court. At the disposition hearing, the court terminated the previous order for suitable placement and directed Gustavo into a six-month camp community placement program. The court calculated the maximum term of confinement as five years two months.

Gustavo filed a timely notice of appeal from the order sustaining the second Welfare and Institutions Code section 602 petition. We appointed counsel to represent him on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On October 3, 2013, we advised Gustavo he had 30 days in which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied Gustavo's attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The order is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**SEGAL, J.**[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3